IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
UNITED STATES OF AMERICA,      )
                               )
              Plaintiff,       )        8:08CR29
                               )
      v.                       )
                               )
TONY WRIGHT,                   )        MEMORANDUM OPINION
                               )
              Defendant.       )
_____)
```

This matter is before the Court on defendant's motion filed pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence (Filing No. 48), and the government's response to defendant's motion (Filing No. 55).

An indictment was returned by the Grand Jury on January 16, 2008, charging the defendant with four crimes. Count I charged that from an unknown date but at least as early as October 24, 2007, and continuing up to November 30, 2007, the defendant combined, conspired and agreed with others to distribute and possess with intent to distribute crack cocaine or cocaine base. Count II charged that on or about November 30, 2007, the defendant knowingly and intentionally possessed with intent to distribute 5 grams or more of a substance containing cocaine base. Count III charged that on or about October 24, 2007, the defendant knowingly and intentionally possessed with intent to distribute cocaine base, and Count IV was a forfeiture count.

On March 21, 2008, the defendant entered a plea of guilty to Counts I and IV of the indictment pursuant to a plea agreement entered into between the defendant and the government on or about March 11, 2008.  The plea agreement provided that Counts II and III would be dismissed at the time of sentencing and further provided that the defendant "knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except the right to seek post-conviction relief based on ineffective assistance of counsel, or prosecutorial misconduct, if the grounds for such claim could not be known by the defendant at the time the defendant enters the guilty plea contemplated by this plea agreement."

In his motion, he sets forth three grounds for relief:

1) Violation the of United States Constitution premised on his claim that a miscarriage of justice occurred during the course of the criminal proceedings when "the United States presumed federal criminal jurisdiction over the residence located at 4108 North 17th Street in the City of Omaha, Nebraska."  He further alleges that the United States did not have criminal jurisdiction where the offense occurred.

2) Violation of federal statutory law, prosecutorial misconduct.  In support of this ground, he states "without regard

-2-

for movant's rights against unlawful prosecution, a United States Attorney and/or agent filed an affidavit in support of criminal charges.  Wherein evidence of state drug crimes committed were the basis for charges" (sic).

3) Courts lack of jurisdiction.  In support of this ground, he alleges that the United States is without criminal jurisdiction over this case.

In each of these three grounds, he claims that no direct appeal was taken because of "ineffective assistance of counsel" but nowhere states what his counsel did or failed to do and fails to even suggest that he asked his counsel to appeal.

In his plea agreement entered into with the government, defendant knowingly and voluntarily waived all of his rights to appeal either his conviction or his sentence in this matter. Accordingly, failure of counsel to appeal his conviction or sentence based upon any of these three grounds was knowingly waived by the defendant at the time he entered his plea of guilty, and his claim of failure to file an appeal is without merit.

With respect to the three grounds which he alleges in his motion, there is no question that the United States District Courts have exclusive jurisdiction to consider violations of federal criminal laws.  See 18 U.S.C. § 3231; *United States v. Martin*, 147 F.3d 529, 531-33 (7th Cir. 1998).  In the *Martin*

case, the Court stated: "District judges always have subject matter jurisdiction based on any indictment purporting to charge a violation of federal criminal law."  In this case, the defendant was charged with violation of the laws of the United States dealing with the possession with intent to distribute controlled substances.  For all of the foregoing reasons, it is clear that his motion is without merit and it will be denied.  A separate order will be entered in accordance with this memorandum opinion.

        DATED this 19th day of August, 2009.

                BY THE COURT:

                /s/ Lyle E. Strom
                _____
                LYLE E. STROM, Senior Judge
                United States District Court